IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| BAYER-HIGHLAND FAMILY PARTNERSHIP, LTD, 2002 SILVERSTEIN FAMILY PARTNERSHIP, LTD., JEFFREY A. BAYER and DAVID L. SILVERSTEIN, | § § § No. 441, 2018 § § Court Below—Court of Chancery § of the State of Delaware § |
| Plaintiffs and Counterclaim Defendants Below, Appellants, | § C.A. No. 2018-0206 § § § |
| v. | § § § § |
| RF CAPITAL HOLDINGS, LLC, a Delaware LLC, f/k/a ROTENSTREICH FAMILY PARTNERSHIP, LTD., | § § § § § § |
| Defendant and Counterclaim Plaintiff Below, Appellee. | § § § |

Submitted: September 11, 2018
Decided:  September 13, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

Upon consideration of the notice of interlocutory appeal and the supplemental

notice of interlocutory appeal, it appears to the Court that:

(1)    The plaintiffs and counterclaim defendants below-appellants have

petitioned this Court under Supreme Court Rule 42 to accept an interlocutory order

from a Court of Chancery order, dated July 26, 2018, denying their motion to dismiss

the defendant and counterclaim plaintiff below-appellee's breach of fiduciary duty claim.[1]  On August 27, 2018, the appellants filed an application for certification to take an interlocutory appeal.  The appellees opposed the application.  On September 10, 2018, the Court of Chancery denied the application, finding that it was untimely and that the appellants had failed to demonstrate good cause to excuse their untimely application.  The Court of Chancery held that the parties' involvement in settlement discussions did not constitute good cause to excuse the untimely application.

(2)    Having considered the Court of Chancery's September 10, 2018 order, the Court agrees with the denial of the application for certification.  The application, which was filed on August 27, 2018, was untimely because it was filed more than ten days after the Court of Chancery's July 26, 2018 order.[2]  The appellants did not establish good cause to excuse their untimely application.

---

[1] On July 26, 2018, the Court of Chancery also granted in part the appellee's motion for judgment on the pleadings as to the invalidity of the appellants' actions relating to a merger.  The Court of Chancery granted the parties' stipulation and order for entry of a final judgment under court of Chancery Rule 54(b) as to this ruling.

[2] Supr. Ct. R. 42(c)(i) ("Such application shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown.").

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice